## Bystrom v. Sears, Roebuck & Co.

*Howard Richard*, for plaintiffs.
*Albert Blumberg*, for defendant.

DIGGINS, J., May 19, 1959.—This matter comes on to be heard by reason of plaintiffs having filed some 20 interrogatories under the Pennsylvania Rules of Civil Procedure pertaining to discovery and defendant objects.

The interrogatories seem to divide themselves into three categories: Interrogatories 4, 5 and 9 are objected to on the ground that the information is already in the possession of plaintiffs; interrogatories in the

second group, being 6, 7, 8, 10, 11, 12 and 13, are objected to on the ground that the information is privileged, and the third group refers to interrogatory 16 which defendant claims is irrelevant. Interrogatories 17, 18, 19 and 20 have been withdrawn.

As to interrogatories 4, 5 and 9, these ask defendant to describe fully and in detail how the alleged accident occurred and what happened in the order in which the events took place, and ask defendant to describe the exact point where the accident occurred with reference to some fixed object, and further asked defendant to state whether plaintiff wife slipped and fell on a certain substance allegedly on the floor.

Much might be written on the subject of whether or not this information is in the possession of plaintiff, and in any event, whether or not defendant must disclose it. It seems to us reasonable that the information might not be in the possession of plaintiff, or either of them, depending a great deal on the circumstances of the accident. In any event, we think the prevailing rule is stated by President Judge Oliver in Zeldin v. Penn Fruit Company, 89 D. & C. 313, at page 315, wherein the court said:

"Under cases decided prior to July 1, 1954, there is no doubt that defendant would not be entitled to most of the information it seeks. Rule 4011(c) (3) and (4) was effective in limiting the scope of pretrial discovery. That rule provided that discovery of facts known to petitioner, or the means of obtaining knowledge of which he could reasonably be expected to have, would not be permitted. Neither would discovery of facts be permitted, if such facts were not necessary to prepare or prove a prima facie claim or defense of the petitioner. These two subsections when read together resulted in a rather narrow scope of discovery. For example, a defendant storekeeper could not interrogate a plaintiff as to how an accident happened in his store,

because he was presumed to know the condition of his own premises: Singer et vir v. Kitty Kelly Market Street Corporation, 81 D. & C. 383 (1952) ; Harris v. Sun Ray Drug Co., 86 D. & C. 42 (1953). Nor could a defendant interrogate plaintiff and his witnesses about an automobile accident, since defendant was present and therefore must have known all about it: Franco v. Riddle et al., 86 D. & C. 79 (1953). Similarly, a plaintiff could not take the deposition of defendant unless he specifically averred that he did not know the facts of the accident: Barlow v. Waples et al., 82 D. & C. 1 (1952). Finally, in one case the Court applied the extreme principle that plaintiff is presumed to be in possession of sufficient facts to prove everything he has pleaded: Byberg v. Lyman Felheim Company, 81 D. & C. 417 (1951).

"Section 4011(c) has been eliminated. The remainder of section 4011 has been left intact but concerns only such limitations as bad faith, unreasonable annoyance and privileged matter which need not concern us here. The only two limitations contained in the amended Rule 4007 are 'relevancy' and 'substantial aid'. If the information sought is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case, depositions should be permitted."

It will, therefore, be seen that the original rule has been expanded which seems to be in line with the philosophy regarding the rules of discovery generally, and now, if the information sought is relevant to the subject matter sought in the action and will substantially aid in the preparation of the pleadings, or the preparation or trial of the case, depositions should be permitted. Therefore, accepting Rule 4007 as the law, we think interrogatories 4, 5 and 9 will have to be answered.

As to interrogatories 6, 8, 10, 11, 12 and 13, plaintiff contends that these all inquire into the material facts of the accident and the surrounding circumstances which include what may have been said by defendant's employes immediately following the occurrence, to each other, to plaintiffs, or other bystanders. As to these, however, defendant contends they seek work product and, therefore, are privileged.

As to interrogatory 7, plaintiffs seek to learn the names and addresses of all witnesses to the accident or who know anything about the accident, as well as all witnesses that defendant intends to produce at the trial.

Directing our attention to interrogatories 6, 8, 10, 11, 12 and 13, all agree that if the information sought is work product, it is privileged, otherwise must be disclosed. We, therefore, must consider each one and try to determine as far as possible in which category it falls.

The sixth interrogatory seeks statements, if any, made by defendant's employes at the time or shortly after the accident, together with details of such statements. It would seem to us that if what plaintiff is seeking is what may be termed res gestae, he should have it. On the other hand, if what he is seeking are statements made to supervisory employes or investigating agents, even though shortly after the accident, they are work product. Holding this then to be the law, we will direct that if defendant has any such information voluntarily or gratuitously made and not as a result of questioning by supervisory personnel, it must be disclosed, otherwise not.

So far as the seventh interrogatory is concerned, there seems to be no doubt that defendant is required to disclose the names and addresses of all witnesses of which defendant has knowledge, and we would not

hesitate to direct that to that extent interrogatory no. 7 be complied with, but where the interrogatory goes further and asks defendant to list the names of all witnesses whom it intends to call at the trial, this is beyond the scope of the rule: (1) The manner in which defendant tries his case is work product, and (2) he has the sole right to determine what witnesses he will or will not call and he need not make up his mind until he sees what plaintiff develops and indeed he may, and counsel frequently does, during the course of the trial, in order to rebut something said by a plaintiff's witness, send out and suddenly subpoena and bring in a witness previously unknown perhaps, and he certainly could not be barred from producing such a witness on the ground that he did not disclose it.

The matter is covered in Pa. R. C. P. 4007 and simply mentions the requirement to disclose "the identity and whereabouts of witnesses." What confusion there is seems to come about by the comments in 4 Goodrich-Amram, Standard Pa. Practice, §4007(a)-6, because the author there speaks of the discovery of the "witnesses" whom the adverse party *will call at the trial*, etc. We think these words "will call at the trial" are gratuitous and probably not carefully considered at the time. We think the rule itself is right and the commentary goes beyond the scope, and we think that the reasoning heretofore mentioned is controlling and the discovery should be limited to the identity and whereabouts of witnesses.

We, of course, are of the opinion that if the identity and whereabouts of witnesses is disclosed and then defendant produces a witness not on that list, he would have the burden of showing, upon challenge, why he did not disclose the witness at the time. If such a situation would arise, it could be met by reference to the rules in pleading surprise.

The eighth interrogatory asks defendant to state whether any liquid substance was on the floor on the date of the accident and at the time plaintiff allegedly slipped. We do not think this work product and should be disclosed.

The ninth interrogatory is interesting. We quote: "Did plaintiff slip and fall on or in this substance?" Conceivably, nine times out of ten a defendant asked this question would assert no knowledge, but if he did know by having seen or by any other means knew, it must be disclosed.

The tenth interrogatory asks exactly what the substance was and how it got on the floor. Presuming there was a substance on the floor previously acknowledged in answer to an interrogatory, this is pertinent information.

The eleventh interrogatory asks what area the substance covered while on the floor. This is pertinent.

The twelfth interrogatory asks how long it was on the floor prior to the accident. This is pertinent.

The thirteenth interrogatory asks how long knowledge of the condition was had by the employes of defendant, together with the names and addresses of those having knowledge, and what they did from the time they first learned of the substance being on the floor until the time of the accident. This interrogatory assumes that the individuals spoken of had knowledge *before* the accident. If that assumption is correct, then it is relevant, but what they may have known or done after the accident is not evidentiary in a negligence action.

No objections are made to the fourteenth and fifteenth interrogatories, and they are not referred to herein.

The sixteenth interrogatory seeks the names and addresses of other people who fell in the store in the

affected area on the same date. Again we think this is relevant information if confined to other falls *before* plaintiff's alleged fall and not *after*, because such accidents, if any, might have a bearing on notice as well as dangerous condition.

Interrogatories 17, 18, 19 and 20 have been withdrawn by plaintiff and are not referred to.

### Order

And now, to wit, May 19, 1959, subject to the conditions and limitations herewith imposed by the opinion accompanying this order, defendant is directed to answer interrogatories 4, 5, 9, 6, 7, 8, 10, 11, 12, 13 and 16.